IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ex rel. TIMOTHY CALLAHAN, ) | |
|     Plaintiff, ) | Case No. 7:00-CV-00350 |
| ) | |
| v. ) | |
| ) | |
| U.S. ONCOLOGY, INC., et al., ) | By: Michael F. Urbanski |
|     Defendants. ) | United States Magistrate Judge |

### MEMORANDUM OPINION

This matter is before the court for consideration of defendants' Motion to Place the Proposed Settlement Agreement Under Seal and to Hold Settlement Fairness Hearing In Camera, filed on November 30, 2005.

The relator initially filed this qui tam action on April 28, 2001. The relator amended his complaint on July 16, 2001, and again on October 16, 2002. The United States, pursuant to the authority granted it by the False Claims Act, 31 U.S.C. § 3729 et seq., elected to intervene on November 12, 2002. Presently, the United States and defendants have reached a proposed agreement to settle all but three claims included in the Second Amended Complaint. The relator objects to the proposed settlement agreement. A fairness hearing is scheduled in this case on December 21-22, 2005, to determine whether the proposed settlement is fair, adequate and reasonable under the circumstances. See 31 U.S.C. § 3730(c)(2)(B). The remaining three claims are scheduled for trial on March 27-31, 2006.

I

The language of the False Claims Act makes it clear that there is a presumption in favor of open settlement hearings. 31 U.S.C. § 3730(c)(2)(B). The Act provides as follows:

> The Government may settle the action with the defendant notwithstanding the objections of the person initiating the action if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances. *Upon a showing of good cause*, such hearing my be held in camera.

31 U.S.C. § 3730 (c)(2)(B) (emphasis added). The burden to show good cause is clearly on the moving party. United States ex rel. McCoy v. California Medical Review, Inc., 133 F.R.D. 143, 146 (N.D. Cal. 1990).

The term "good cause" is not defined in the statute, and the legislative history fails to illuminate Congress' intent in employing the term. Therefore, the court must look for guidance in other statutes and authority where the term has been defined. See McCoy, 133 F.R.D. at 146.

The court in McCoy found the "good cause" requirement of Federal Rule of Civil Procedure 26(c)[1] to be especially enlightening. McCoy, 133 F.R.D. at 146. Following the district court in McCoy and examining interpretations of "good cause" under Rule 26(c), it is apparent that "courts insist on particular and specific demonstration[s] of fact," as opposed to conclusory statements, in order to demonstrate good cause in the context of Rule 26(c). Kiblen v. Retail Credit Co., 76 F.R.D. 402, 404 (E.D. Wash. 1977). A party seeking a protective order under Rule 26(c) must make a particularized showing of good cause; "vague and conclusory generalizations of pleadings and supporting affidavits will not suffice." United States v. Exxon Corp., 94 F.R.D. 250, 251 (D.D.C. 1981). Conclusory assertions are simply insufficient to show good cause. United States v. Torrance, 164 F.R.D. 493, 496 (C.D. Cal. 1995).

Defendants in this case have failed to show good cause for conducting the December 21-

---

[1] Federal Rule of Civil Procedure 26(c) provides that upon a showing of good cause, a court may make any order which justice requires to prevent public disclosure of discovery which may cause a person annoyance, embarrassment, oppression, or undue burden or expense.

22, 2005 fairness hearing in camera. Defendants allege that holding the fairness hearing open to the public will prejudice defendants in the March trial of the three claims carved out from the settlement. Defendants specifically state the public in general, as well as the jury, "will be aware of the fact that some of the claims were settled or attempted to be settled." (Defs.' Mem. 5) The defendants fail to state any specific, serious injury which would befall the defendants as a result of public access to the fairness hearing. See United States ex rel. McCoy v. California Medical Review, Inc., 133 F.R.D. 143, 146-47 (N.D. Cal. 1990) (finding defendants' claim that publicity surrounding the fairness hearing might taint potential witnesses and jurors in the subsequent civil and criminal actions insufficient to show good cause).

Because the False Claims Act inherently involves proceedings where reputations are at stake, defendants' argument that an open hearing would potentially prejudice defendants could be made in virtually every False Claims action. McCoy, 133 F.R.D. at 147. If such an argument constituted good cause for in camera proceedings, nearly all False Claims fairness hearings would be closed, contravening the language of the statute, which clearly implies these hearings will be open to the public absent a special showing. McCoy, 133 F.R.D. at 147. Accordingly, defendants have failed to overcome their burden of proving good cause for holding the hearing in camera.

Defendants also claim that details of the proposed settlement will be divulged at the hearing, and since such evidence would be inadmissible in court under Federal Rule of Evidence 408, public access should be denied. (Defs.' Mem. 6) Defendants assert they will be severely prejudiced at the March 2006 trial if the public and potential jurors become aware of evidence and claims disclosed at an open fairness hearing. (Defs.' Mem. 6-7) However, the admissibility

3

of evidence relating to a proposed settlement under Rule 408 may be dealt with in court at trial when the issue arises. The potential inadmissibility of this evidence under Rule 408 does not provide good cause for holding the fairness hearing in camera. Additionally, to the extent that potential jurors or witnesses may become aware in December of evidence that would be inadmissible at trial in March, defendants can address such concern through voir dire of prospective jurors and cross examination of witnesses. See McCoy, 133 F.R.D. at 147.

Defendant has not shown good cause for holding the fairness hearing in camera. Accordingly, this court finds the fairness hearing in this case shall remain open to the public. Such a finding upholds the common law and First Amendment right of access to criminal proceedings outlined by the Supreme Court in Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980), and extended to civil proceedings by a number of circuits. See, e.g., Westmoreland v. Columbia Broad. Sys., Inc., 752 F.2d 16, 23 (2d Cir. 1984); see also Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1070 (3d Cir. 1984). Parties can overcome the right of access to judicial proceedings only by showing that closure is essential to preserve higher values and that it is narrowly tailored to serve that interest. Press-Enterprise Co. v. Superior Court of California, 478 U.S. 1 (1986). Defendants simply have failed to make such a showing in this case.

## II

Defendants likewise cannot prevail in their motion to seal documents relating to the settlement agreement. The Fourth Circuit has held that the press and public enjoy a common law right of access, but not a First Amendment right, to judicial records. Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005) (citing Balt. Sun Co. v. Goetz, 886 F.2d 60, 64-

4

65 (4th Cir. 1989)). The presumption of the right of access can be rebutted if countervailing interests heavily outweigh the public interests in access. Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. Id. at 575. Ultimately the decision to seal is a matter best left to the sound discretion of the district court. Washington Post, 386 F.3d at 575.

In this case, defendants have not overcome the presumption in favor of public access. The defendants provide general claims of prejudice should the contents of the proposed settlement agreement be disclosed to the public, but do not articulate any specific injury that may result. The legislative history of the False Claims Act indicates that the 1986 amendments were designed to enhance the government's ability to recover losses sustained as a result of fraud against the government. United States ex rel. McCoy v. California Medical Review, Inc., 133 F.R.D. 143, 145-46 (N.D. Cal. 1990). Weighing the interests in this case, this court finds significant interest in allowing public access to a case where the public's right to evaluate the conduct of the government is at stake. McCoy, 133 F.R.D. at 148 (citing EEOC v. Erection Co., 900 F.2d 168 (9th Cir. 1990)). Defendant's motion to seal will be denied accordingly.

### III

As regards the documents filed by the relator on November 30, 2005, (Docket No. 95), temporarily placed under seal by the court on December 2, 2005, the court takes the issue of whether to continue to seal these documents under advisement. At first blush, it appears that a number of documents, including exhibits 1-10, 12, 18, 19, and 20, may be subject to evidentiary or common law privilege. However, other exhibits, such as 11, 13-17, and 21-23, do not appear

5

to be privileged and thus, absent some other showing of good cause, do not require being sealed. At the pre-trial conference scheduled for December 14, 2005, the court will hear argument to determine whether the brief and exhibits filed by the relator and docketed as number ninety-five should remain under seal.

A separate order will be entered this day. The Clerk is directed to send certified copies of this opinion to all counsel of record.

Entered this 7th day of December, 2005.

Michael F. Urbanski
United States Magistrate Judge